IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MICHAEL JOHN HENRICKSON,         No. 2:15-cv-1814-JAM-CMK-P

    Petitioner,

  vs.                                             FINDINGS AND RECOMMENDATION

S. PEERY,

    Respondent.

_____/

        Petitioner, a state prisoner proceeding pro se, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pending before the court is respondent's motion to dismiss (Doc. 17). Petitioner filed an opposition (Doc. 14); respondent filed a reply (Doc. 15).

        Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases. The Ninth Circuit has allowed respondents to file a motion to dismiss in lieu of an answer if the motion attacks the pleadings for failing to exhaust state remedies or being in violation of the state's procedural rules. See, e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990) (using Rule 4 to evaluate motion to dismiss petition for failure to exhaust state remedies); White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989) (using Rule 4 as procedural grounds to review motion to dismiss for state procedural default); Hillery v. Pulley,

1

533 F. Supp. 1189, 1194 & n. 12 (E.D. Cal. 1982) (same).  Thus, a respondent can file a motion to dismiss after the court orders a response, and the Court should use Rule 4 standards to review the motion. See Hillery, 533 F. Supp. at 1194 & n.12.  The petitioner bears the burden of showing that he has exhausted state remedies.  See Cartwright v. Cupp, 650 F.2d 1103, 1104 (9th Cir. 1981).

Petitioner brings this petition for a writ of habeas corpus challenging his 2013 prison disciplinary proceedings.  Petitioner challenges a Rules Violation Report (RVR 115) for constructive possession of a cell phone.  Petitioner was found guilty on July 8, 2013, and was assessed 90 days forfeiture of credit, 90 days loss of yard access privileges, he was counseled and reprimanded regarding his conduct.  (Pet., Doc. 1 at 35).  Petitioner sets forth in his petition that he is serving a sentence of 25 years to life, has surpassed his minimum eligible parole date (MEPD) and is receiving parole consideration hearings.

Respondent brings this motion to dismiss petitioner's federal habeas corpus petition on the grounds that the petition fails to challenge the fact or duration of petitioner's confinement. Respondent argues that because petitioner is an indeterminately sentenced inmate who has already surpassed his MEPD and is receiving parole consideration hearings, the loss of credit has no direct impact on whether he is ultimately granted a parole release date.

Petitioner opposes the motion, arguing that the disciplinary action will impact the duration of his sentence as the parole board relied solely on the disciplinary report in it's determination.

A writ of habeas corpus is the appropriate federal remedy when "a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to an immediate or speedier release from that imprisonment." Preiser v. Rodriguez, 411 U.S. 475, 500 (1973).  Challenges to prison disciplinary convictions in which the inmate has lost time credits which directly impact the duration of his sentence must be raised in a federal habeas corpus action unless the credits have been restored or the disciplinary

conviction set aside.  See Edwards v. Balisok, 520 U.S. 641 (1997).  The issue in this case, however, is whether a habeas corpus action is the appropriate vehicle to challenge a disciplinary conviction where there is no direct impact on the prisoner's release date.

The Ninth Circuit Court of Appeals recently addressed this issue in Nettles v. Grounds, – F.3d –, 2016 WL 4072465 (July 26, 2016) (overruling Bostic v. Carlson, 884 F.2d 1267 (9th Cir. 1989) and Docken v. Chase, 393 F.3d 1024 (9th Cir. 2004)).  As in this case, the petitioner in Nettles, a prisoner serving a life term, was challenging a prison disciplinary violation received after he reached his MEPD and was receiving parole suitability hearings. After reviewing Supreme Court decisions, the Ninth Circuit held "that if a state prisoner's claim does not lie at 'the core of habeas corpus,' it may not be brought in habeas corpus but must be brought, 'if at all,' under § 1983."  Id. at *6 (quoting Preiser, 411 U.S. at 487, Skinner v. Switzer, 562 U.S. 521, 535 n.13 (2011)).  Applying that standard to a federal habeas petition challenging disciplinary proceedings in this situation, the Court found that success on the merits of such a claim "would not necessarily lead to immediate or speedier release because the expungement of the challenged disciplinary violation would not necessarily lead to a grant of parole."  Id. at *9 (explaining the factors the California parole board must consider).

As set forth above, petitioner has passed his MEPD and is receiving parole consideration hearings.  Success on the merits of petitioner's challenge to the prison disciplinary at issue here, even with the loss of credits received, will not necessarily lead to a speedier release. Whether or not petitioner is granted parole is a decision for the Board of Parole Hearings, and based on several considerations, only one of which is his prison disciplinary record.  Accordingly, like the petitioner in Nettles, petitioner's claims raised in this action are not cognizable in habeas, and must be raised, if at all under 42 U.S.C. § 1983.

Finally, the Court in Nettles found that there are certain circumstances where the courts should consider whether to convert a habeas corpus petition into a civil rights claim.  In order to convert a habeas petition into a § 1983 action, petitioner's informed consent to do so is

3

required, and the pleading must be amenable to conversion "on its face," i.e., it must "name[ ] the correct defendants and seek the correct relief." Id. at *10.  Here, the respondent named in the petition is the Warden of High Desert State Prison.  The underlying incident occurred at Pleasant Valley State Prison.  It does not appear that the Warden would be the correct defendant in a § 1983 action, as it is unlikely that the Warden was involved in the prison disciplinary action occurring at a different institution.  Thus, it does not appear that the petition filed in this case is amenable to conversion.  It also does not appear that petitioner would suffer any prejudice by dismissing this action without prejudice to refiling a § 1983 action.  The events at issue in this action occurred in May 2013, and the hearing was held in July 2013.  As the statute of limitations has not run, the undersigned sees no harm in dismissing this action.  See Jones v. Blanas, 393 F.3d 918, 927 (9th Cir. 2004) ( finding California law provides a two year statute of limitations, plus an additional two years tolling of the statue of limitations based on the disability of imprisonment, citing Cal. Civ. Proc. Code §§ 335.1, 352.1).

      Based on the foregoing, the undersigned recommends that respondent's motion to dismiss (Doc. 11) be granted, the petition be dismissed without prejudice, and this case be closed.

      These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days after being served with these findings and recommendations, any party may file written objections with the court.  Responses to objections shall be filed within 14 days after service of objections.  Failure to file objections within the specified time may waive the right to appeal.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: August 30, 2016

CRAIG M. KELLISON
UNITED STATES MAGISTRATE JUDGE